## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| CHARLES BROOKS, | Case No. 1:22-cv-305 |
| Plaintiff, | |
| vs. | District Judge Douglas R. Cole |
| | Magistrate Judge Elizabeth P. Deavers |
| OHIO, *et al.,* | |
| | **REPORT AND** |
| Defendants. | **RECOMMENDATION** |

Plaintiff, a prisoner at the Toledo Correctional Institution, has filed a pro se civil rights complaint in this Court against the State of Ohio and the "County Court," located in Hamilton County, Ohio. (*See* Doc. 1-1, Complaint at PageID 3) By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)).  To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff brings this action against defendants the State of Ohio and the "County Court" located in Hamilton County, Ohio. (*See* Doc. 1-1, Complaint at PageID 3). Plaintiff seeks to hold defendants liable in connection with his August 31, 2020 parole board hearing. (*See id.* at PageID 13-14). According to plaintiff, he was impermissibly denied parole based solely on his drug addiction disability.

3

Plaintiff claims that after his hearing he was advised that he was going to be released by the parole board and he gave away all of his property. (*Id.* at PageID 6). However, in early September 2020, he claims that he was notified that his release was terminated. Plaintiff complains that he has been unable to obtain information regarding the parole decision, the appeal process, or other records. As an exhibit to the complaint, plaintiff includes a copy of the parole board decision. (*Id.* at PageID 13). Noting that the decision mentions his added sentence for conveyance—which plaintiff claims concerned his "get[ting] drugs into the institution to support [his] drug addiction"—plaintiff asserts that he was denied parole based solely on his drug addiction disability. (*Id.* at PageID 7, 8). According to plaintiff, "[t]he Parole Board does not care that I have not had any weapons or killed anyone" following his conviction or that he has completed several drug programs. (*Id.* at PageID 7).

As relief, plaintiff seeks a new parole board hearing and monetary damages. (*Id.*).

**C. Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Although the complaint does not expressly state under which federal statutes plaintiff brings his claims, the Court understands from the allegations in the complaint that plaintiff brings claims under 42 U.S.C. § 1983 against both defendants and additional claims under Title II of the Americans with Disabilities Act (ADA) against the State of Ohio.[2]

---

[2] *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted); 42 U.S.C. § 12132 (providing that under Title II of the ADA "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." ).

The complaint includes numerous citations to the Federal Register and Code of Federal Regulations, which the Court understands to be in support of plaintiff's ADA claims. Because the complaint is subject to dismissal at the screening

4

With respect to plaintiff's § 1983 claims, the complaint should be dismissed against the State of Ohio because the State is immune from suit in this federal court.[3] Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's § 1983 claims against the State of Ohio should be dismissed.[4]

---

stage, the Court need not determine whether plaintiff can certify defendants as a class under 82 FR 6390, as he requests. (*See* Doc. 1-1, Complaint at PageID 3).

[3] Having determined below that plaintiff has not stated a plausible Title II claim against the State of Ohio, the Court need not reach the issue of whether the State is immune from those claims under the Eleventh Amendment. *Cf. Saqr v. Univ. of Cincinnati*, No. 1:18-CV-542, 2019 WL 699347, at *3 (S.D. Ohio Feb. 20, 2019) (Bowman, M.J.), *report and recommendation adopted,* No. 1:18CV542, 2019 WL 1200802 (S.D. Ohio Mar. 14, 2019) (Dlott, J.).

[4] The complaint lists Ohio as a defendant, with the mailing address for the Ohio Department of Rehabilitation and Correction. (*See* Doc. 1-1, Complaint at PageID 3). To the extent that plaintiff seeks to name the ODRC as a defendant, a correctional facility or department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims

Likewise, plaintiff's § 1983 claims should be dismissed as to the Hamilton "County Court" because the Hamilton "County Court" is not a legal entity capable of being sued under § 1983. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that Hamilton County Juvenile Court is not a legal entity capable of being sued); *see also Yoel v. Gandolf,* No. 1:06-cv-387, 2007 WL 777983, at *5 (N.D. Ohio March 12, 2007) (holding that Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action). Even if the Court were to liberally construe the complaint as against Hamilton County itself, plaintiff has failed to allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, plaintiff's § 1983 claims against the Hamilton "County Court" should also be dismissed.

---

against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

In any event, even assuming, *arguendo,* that plaintiff could state a § 1983 claim against either defendant, such claims would fail as a matter of law. To the extent that plaintiff claims that his parole hearing resulted in a violation of his due process rights, he fails to state a claim upon which relief may be granted. Plaintiff alleges that the parole board had already made its decision before the hearing. (*See* Doc. 1-1, Complaint at PageID 6). However, a claim for a violation of due process rights "depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered" and "the State of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (citations omitted). The complaint therefore fails to state a claim upon which relief may be granted to the extent that plaintiff claims a due process violation in connection with his parole hearing.

Plaintiff also fails to state an actionable claim to the extent that he complains about the loss of his property. (*See* Doc. 1-1, Complaint at PageID 6). In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state an actionable due process claim.

Finally, to the extent that plaintiff brings claims under Title II of the ADA, his conclusory allegation that he was denied parole solely based on his drug addiction is insufficient to state a claim upon which relief may be granted. Plaintiff seeks to hold defendants liable for failing to comply with *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002). (*See* Doc. 1-1, Complaint at Page ID 3). In *Thompson*, the Ninth Circuit held that a plaintiff may state a claim under Title II of the ADA where they allege "that the parole board failed to perform an individualized assessment of the threat they pose to the community by categorically excluding from consideration for parole all people with substance abuse histories." *Id.* at 898 n.4. However, *Thompson* is not persuasive in this case where there are no allegations from which the Court can plausibly infer that the State of Ohio has categorically excluded plaintiff from being paroled based on his substance abuse history or failed to conduct an individualized assessment of his suitability for parole. Plaintiff's only allegation in this regard is that the parole board mentioned his added sentence for conveyance in its decision. But the mere fact that his sentence for conveyance was a factor in the parole board's decision does not suggest that plaintiff has been categorically excluded him from parole based on a drug addiction. *Cf. Thompson* at 898 n.4 ("Title II does not categorically bar a state parole board form making an individualized assessment of the future dangerousness of an inmate by taking into account the inmate's disability. . . . . A person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether that individual is qualified for parole.").

To the contrary, the parole decision attached to the complaint, *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."), sets forth the rationale for the decision as follows:

> Inmate has served 16 years for the brutal shooting death of another male in the streets where he shot him multiple times at close range. He also has an added sentence for conveyance. He has taken some drug programs, but his conduct has been deplorable leading all the way to his hearing. After considering the relevant factors, the Board does not consider the inmate suitable for release at this time.

(Doc. 1-1, Complaint at PageID 13). The decision further specifies that the parole board concluded that there is substantial reason to believe that the inmate will engage in further criminal conduct or fail to conform to conditions of release; that due to the serious nature of the crime, plaintiff's release would create under risk to public safety, not further the interest of justice, or not be consistent with the welfare and security of society; and plaintiff's release would not act as a deterrent to plaintiff or other inmates from violating institutional rules. (*Id.*). Plaintiff's conclusory allegation that he was denied parole based solely on his drug addiction disability is insufficient to state a plausible claim for relief. *See Iqbal,* 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Because the complaint fails to set forth a plausible claim that any named defendant categorically excluded him from parole, failed to conduct an individualized assessment, or otherwise violated his rights under the ADA, plaintiff's ADA claims should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Plaintiff's pending "86 FR 24031 Case Standards Request" motion (Doc. 4) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

August 29, 2022                             *s/ Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).