# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CHARLES BROOKS,**

      **Plaintiff,**

  v.

**OHIO,** *et al.***,**

      **Defendants.**

Case No. 1:22-cv-305

**JUDGE DOUGLAS R. COLE**

**Magistrate Judge Deavers**

## ORDER

This cause is before the Court on the Magistrate Judge's August 29, 2022, Report and Recommendation ("R&R," Doc. 9) recommending (1) sua sponte dismissal of Plaintiff Charles Brooks's Complaint (Doc. 8) for failure to state a claim upon which relief can be granted and (2) denial of Brooks's "86FR24031 Case Standards Request" motion (Doc. 4). For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 9) in full. Accordingly, the Court **DISMISSES** Brooks's Complaint (Doc. 8) **WITH PREJUDICE** and **DENIES** Brooks's "86FR24031 Case Standards Request" Motion (Doc. 6).

On May 27, 2022, Brooks, an inmate incarcerated at the Toledo Correctional Institution, filed a pro se motion seeking leave to proceed in forma pauperis on his proposed Complaint against the State of Ohio and the "County Court" located in Cincinnati (presumably, the Hamilton County Court of Common Pleas). (Doc. 1). On

August 29, 2022, the Magistrate Judge granted Brooks's request to proceed in forma pauperis, and ordered his Complaint filed. The Complaint was docketed that same day. (Doc. 8).

In the Complaint, Brooks seeks to hold the defendants liable, apparently under 42 U.S.C. § 1983 and/or Title II of the ADA, for an August 31, 2020, parole board hearing in which that board denied him parole. (*Id.* at #48–53). Brooks claims he has been unable to acquire information about the decision, his appeal process, and other related records. (*See, e.g., id.* at #50). As an exhibit, though, Brooks attaches the decision itself. (*Id.* at #58–59). He seeks a new hearing and monetary damages of $100,000. (*Id.* at #53).

On June 13, while the Magistrate Judge was reviewing the request to proceed in forma pauperis, Brooks also filed a "Motion for 86FR24031 Case Standards Request." (Doc. 4). That motion is largely incomprehensible but requests "a review standard controlled by [Brooks's] real circumstances." (*Id.* at #30). The content appears to boil down to Brooks's belief that, given his circumstances, including his incarceration and drug addiction issues, the standard of review that the Court applies to his arguments, and to his compliance with procedural requirements such as signature, should be less stringent. (*Id.* at #32–34).

The same day that the Magistrate Judge ordered the Complaint filed as a separate document on the docket, she also issued the R&R (Doc. 9). In that R&R, the Magistrate Judge addressed the requirement under the Prison Litigation Reform Act of 1995 to sua sponte screen the Complaint to determine whether any portion of it

2

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (*Id.* at #60 (citing 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)). And based on her sua sponte review of the Complaint, the Magistrate Judge recommends dismissal because Brooks failed to sue a suable entity and, alternatively, has proffered no evidence to support his claims on the merits. (*Id.* at #63–67). The R&R also recommends denial of Brooks's self-styled motion. (*Id.* at #68).

The R&R also advised both parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights on appeal, including the right to review by this Court. (*Id.* at #69). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture").

Neither party objected to the R&R. Even still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that nonetheless the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases).

Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). The R&R did not clearly err in finding that the State of Ohio is

3

immune from suit under § 1983 in this Court. This is because the Eleventh Amendment to the United States Constitution prohibits suit against a State, such as Ohio, in federal courts like this one. U.S. Const. amend. XI; *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996). And as the R&R notes, the limited exceptions to the Eleventh Amendment do not apply here. (Doc. 9, #64). So Brooks's claims against the State of Ohio must be dismissed.

The R&R also did not clearly err in finding that the "County Court" is not a suable entity. Federal Rule of Civil Procedure 17(b) instructs, in part, that "[c]apacity to sue or be sued is determined … by the law of the state where the court is located."[1] Fed. R. Civ. P. 17(b). And it is well-settled that, under Ohio law, an Ohio court "can neither sue nor be sued in its own right." *Malone v. Ct. of Common Pleas of Cuyahoga Cnty.*, 344 N.E.2d 126, 128 (1976); *see also Harsh v. City of Franklin*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio Mar. 26, 2009) (holding that other Ohio state courts could not be sued). So Brooks's claims against the "County Court" must be dismissed as well.

The R&R also capably reviews the merits of his asserted § 1983 and ADA Title II claims. As to the first, the Court agrees with the R&R that Brooks does not have a liberty interest in parole eligibility under Ohio law. (Doc. 9, #66). Thus, his allegation that he was wrongfully denied parole cannot support a due process claim. And his loss of property claim fails because he has not pled or proven that the State's

---

[1] The R&R quotes Rule 17(b) as "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (Doc. 9, #65). While the sentiment is certainly still accurate, it appears that in 2007 the Federal Rules amended the exact language through which that sentiment is expressed. Fed. R. Civ. P. 17 (2007 Amendment).

4

processes and remedies are inadequate. (*Id.* at #67). Finally, as to his ADA Title II claim, the Court finds no error in the R&R's assertion that Brooks's conclusory allegation that he was denied parole based solely on his drug addiction does not meet the plausibility standard that *Iqbal* and *Twombly* impose. (*Id.* at #68). *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007).

That leave Brooks's "86FR24031 Case Standards Request" Motion, which the R&R recommends denying, but without explanation. (Doc. 9, #68). In fairness to Brooks, a pro se litigant's pleadings are to be construed liberally and held to less stringent standards than those filed with assistance of counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). So, if that more liberal standard of review is all that he is requesting, his motion perhaps has some merit. That said, pro se litigants still must comply with the procedural rules governing civil cases, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), so if Brooks is requesting relief from those rules, the Court denies that request. Either way, the Court has reviewed the pleadings with an eye to the fact that Brooks is proceeding pro se and nonetheless concludes that Brooks has failed to state a claim here, a threshold requirement he cannot overcome.

In sum, the Court **ADOPTS** the R&R (Doc. 9) in full. Accordingly, the Court **DISMISSES** Brooks's Complaint (Doc. 8) **WITH PREJUDICE** and **DENIES** Brooks's Motion for "86FR24031 Case Standards Request" (Doc. 4), at least to the extent that it seeks a standard of review more deferential than the one that typically applies to pro se filings. Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

5

**SO ORDERED.**

October 12, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**